# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

BRAYON JEROME WILLIAMS,      )
                  )
        Petitioner,         )
                  )
     v.                )          No. 2:22-cv-00060-SRC
                  )
DAN REDINGTON,          )
                  )
        Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Brayon Jerome Williams's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 6). For the reasons discussed below, the petition will be summarily dismissed.

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. At the time this case was initiated, however, he was an inmate at the Adair County Detention Center, in Kirksville. On June 26, 2022,[1] he filed a document with the Court that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). In the petition, petitioner stated that he was motioning "to petition in habeas corpus" for a "pending" case in state court. He further explained that he was "innocent until proven guilty," and that the evidence for the case "pending against [him was] obtained fraudulently, and is lacking." Petitioner also filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

---

[1] The Court received petitioner's filing on September 1, 2022. However, attached to the document is a "Declaration of Inmate Filing," in which petitioner asserts that he is placing the document into the prison mailing system on June 26, 2022. "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

The petition was not on a Court form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). More pertinently, petitioner did not include any information regarding the state case he was challenging, such as the case number. As such, on November 30, 2022, the Court ordered petitioner to file an amended 28 U.S.C. § 2241 petition on a Court form, and sent him a copy of the form to aid his compliance. (Docket No. 4). He was given thirty days in which to respond. The Court also granted petitioner's motion or leave to proceed in forma pauperis.

On December 12, 2022, the Court received from petitioner a document titled "Motion to Amend Complaint," in which he sought to "amend this complaint over the current complaint, abandoning the current complaint and completely replacing the complaints with this improvement." (Docket No. 5). Attached to the motion was a Court-provided 42 U.S.C. § 1983 complaint form. (Docket No. 5-1). The proposed complaint named a prosecutor, two police officers, and a contractor as defendants, accusing them of various constitutional violations leading to his criminal conviction. In the proposed complaint, petitioner sought "[a] writ to reverse [his] conviction." He also sought $350,000 in damages.

On December 14, 2022, the Court received from petitioner an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the amended petition, petitioner stated that he was challenging his conviction in *State of Missouri v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County).

2

**Petitioner's State Criminal Case**

On January 12, 2021, the State of Missouri filed an information charging petitioner with possession of methamphetamine, unlawful possession of a weapon, and unlawful possession of drug paraphernalia.[2] *State of Missouri v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County). The matter proceeded to a bench trial on August 1, 2022, with petitioner representing himself. Following the presentation of evidence, the circuit court found petitioner guilty of possession of methamphetamine. The remaining two counts were dismissed by the State of Missouri. On September 19, 2022, petitioner was sentenced to seven years' imprisonment in the Missouri Department of Corrections.

On November 23, 2022, petitioner filed a motion for leave to file a late notice of appeal. The motion was granted on December 5, 2022. *State of Missouri v. Williams*, No. WD85840 (Mo. App. 2022). Petitioner's direct appeal is still pending.

**The Amended Petition**

In his amended petition, petitioner asserts that he is challenging the validity of his conviction in *State of Missouri v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County). (Docket No. 6 at 1-2). In particular, he is attacking "[t]he validity of the process to obtaining the evidence which [led] to the conviction." (Docket No. 6 at 2). The amended petition contains four grounds for relief.

First, petitioner asserts that the officer who arrested him "interfered with [him] as a patron" when the officer unlocked a "bathroom door" of a "public accommodation provided by a local facility." (Docket No. 6 at 6).

---

[2] Petitioner's underlying state criminal case was reviewed on Case net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Second, petitioner alleges that the arresting officer's "probable cause statement was false and misleading," and that it can be compared to the incident report.

Third, petitioner states that the arresting officer "made a false fictitious statement to con [him] out of the restroom," and that this is displayed in the incident report.

Finally, petitioner explains that he was "in the bathroom with the door locked," and that the arresting officer "did not find [him] sleeping or intoxicated by alcohol," but nevertheless "searched [him] incident to arrest under the belief [he] was unable to care for [himself]." (Docket No. 6 at 7).

Based on these grounds, petitioner asks the Court to "reverse, set aside, vacate, or correct the judgement or sentence."

## Discussion

Petitioner is a self-represented litigant who has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging issues with the gathering of the evidence used to convict him. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of habeas petitions before ordering a response. This rule is applicable to petitions filed under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Based on this review, and for the reasons discussed below, the Court will summarily dismiss the petition.

### A.  28 U.S.C. § 2241

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Pursuant to 28 U.S.C.

4

§ 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.[3] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). In other words, 28 U.S.C. § 2241 "has been recognized as a potential source of habeas review for state pretrial detainees." *See Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) (collecting cases).

### B. Petitioner is No Longer a Pretrial Detainee

At the time petitioner signed his initial filing on June 26, 2022, petitioner was still a pretrial detainee in Adair County, awaiting trial for possession of methamphetamine, unlawful possession of a weapon, and unlawful possession of drug paraphernalia. *See State of Missouri v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County). Since then, however, petitioner's status has changed. Specifically, the circuit court found petitioner guilty on August 1, 2022, following a bench trial. Petitioner was sentenced to seven years' imprisonment on September 19, 2022, and is now incarcerated at the Northeast Correctional Center. His conviction is currently pending on direct appeal. In short, petitioner is no longer a pretrial detainee, but a convicted and sentenced state prisoner.

---

[3] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

Because petitioner has been convicted, he can no longer seek relief under 28 U.S.C. § 2241. Rather, a person in custody pursuant to the judgment of a state court "can only obtain habeas relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, it was, "as a practical matter, the only vehicle"). *See also Felker v. Turpin*, 518 U.S. 651, 662 (1996) (stating that a court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a State court"). As petitioner can no longer seek relief under § 2241, the petition must be dismissed.

The Court also notes that petitioner's conviction renders his 28 U.S.C. § 2241 petition moot. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). *See also* U.S. Const. art. III, § 2, cl. 1. During the course of litigation, if "the issues presented in a case lose their life because of the passage of time or a change in circumstances…and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). To put it another way, throughout the course of the litigation, the petitioner must either suffer or be threatened with an actual injury that is "likely to be redressed by a favorable judicial decision." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Due to the limited focus of pretrial 28 U.S.C. § 2241 petitions, such petitions become moot upon petitioner's conviction. *See Williams v. Slater*, 317 Fed. Appx. 723 (10th Cir. 2008) ("We conclude that [petitioner's] conviction and sentence have mooted his request for an order to show cause for his pretrial confinement"); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1998) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release

6

from pretrial confinement is moot"); *Thorne v. Warden, Brooklyn House of Detention of Men*, 479 F.2d 297, 299-300 (2nd Cir. 1973) (dismissing appeal in a § 2241 case because petitioner had been convicted, and "the legality of his continued pretrial detention [had] been mooted"); and *Williams v. Glass*, 2021 WL 1020317, at *4 (E.D. Mo. 2021) (determining that petitioner's § 2241 petition became moot upon his conviction and sentence). In this case, as set forth above, petitioner was convicted and sentenced on October 17, 2022. Therefore, his pretrial petition for writ of habeas corpus under § 2241 is moot, and must be dismissed.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Specifically, the Court's review of petitioner's state court case indicates that petitioner is no longer a pretrial detainee. As such, he cannot seek relief under § 2241. Therefore, the petition will be summarily dismissed.

Nothing in this memorandum and order should be construed as precluding petitioner from filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, once he has fully exhausted his state remedies.

### D. Motion to Amend

On December 12, 2022, the Court received from petitioner a motion to amend, which apparently seeks to change this case into a prisoner civil rights complaint under 42 U.S.C. § 1983.

When this case was initiated, petitioner expressly indicated that he was pursuing a petition for writ of habeas corpus. (Docket No. 1). In addition, when he moved for leave to proceed in forma pauperis, he used a "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases" form. (Docket No. 2). Even after filing his motion to amend, petitioner submitted an amended 28 U.S.C. § 2241 petition for writ of habeas corpus on a Court-provided form, seeking to have his conviction reversed, set aside, vacated, or corrected.

The Court granted petitioner's motion for leave to proceed in forma pauperis on the basis that he was seeking habeas relief,[4] and construed the case in accordance with petitioner's own expressed intentions. That is, petitioner's submissions to the Court all indicate that he is attacking the validity of his conviction and sentence. Such an action is properly brought pursuant to a petition for writ of habeas corpus, not a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); and *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). Based on the foregoing, the Court will not allow petitioner to change his cause of action at this point in the proceedings. Therefore, the motion to amend is denied.

---

[4] The Court notes that in habeas cases, the filing fee is $5.00. Upon the granting of a motion for leave to proceed in forma pauperis, that fee is waived. *See Malave v. Hedrick*, 271 F.3d 1139, 1139-40 (8th Cir. 2001) (determining that the filing-fee provisions of the Prison Litigation Reform Act are inapplicable to habeas corpus actions). On the other hand, the filing fee for a civil action is $402. Plaintiff may move for leave to proceed in forma pauperis in a civil action. However, if he is a prisoner, he is still required to pay the full amount of the fee, though that payment can be made in installments. *See* 28 U.S.C. § 1915(b). Petitioner cannot circumvent this requirement by moving for leave to proceed in forma pauperis in a habeas case, and then changing his cause of action to a civil case after being granted in forma pauperis status.

Nothing in this memorandum and order precludes petitioner from bringing a separate prisoner civil rights action. If he desires to do so, however, he must file a new case. Furthermore, petitioner must either pay the full filing fee or file a motion for leave to proceed in forma pauperis. If he moves for leave to proceed in forma pauperis, he must include a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2).

### E.  Certificate of Appealability

Even though petitioner sought relief under 28 U.S.C. § 2241, "as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254," and "must obtain a certificate of appealability." *Carmona v. Minnesota*, 23 Fed. Appx. 629, 630 (8th Cir. 2002). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." *See* 28 U.S.C. § 2253(c)(1)(A).

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to amend (Docket No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1; Docket No. 6) is **DISMISSED** with prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 31st day of March, 2023.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

10